IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KARL GRANT LOSEE,<br><br>   Plaintiff,<br><br>v.<br><br>C. GALLEGOS et al.,<br><br>   Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:11-CV-80 TC<br><br><br>District Judge Tena Campbell |

Plaintiff, Karl Grant Losee, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.S. § 1983 (2013).  Plaintiff was allowed to proceed *in forma pauperis*.  *See* 28 *id*. § 1915.  Before the Court are Defendant Angerhofer's Motion to Dismiss (Doc. No. 33), Defendant Freestone's Motion to Dismiss (Doc. No. 35), and Plaintiff's motions for discovery (Doc. Nos. 26, 28-29).

## ANALYSIS

### I. Contract Attorneys' Motions to Dismiss

Plaintiff's fifty-three page, hand-written Amended Complaint (Doc. No. 8) asserts thirty-five civil rights claims against fifteen defendants.  The majority of Plaintiff's claims allege denial of access to the courts.  In addition to numerous Utah Department of Corrections (UDC) officials, the Complaint also names as defendants Wayne Freestone and David Angerhofer, who are contract attorneys hired by UDC to assist inmates with preparation and filing of initial

pleadings in certain cases.[1]  Plaintiff alleges that the Contract Attorneys refused to provide him with requested caselaw, thereby hindering him from litigating his claims.  Plaintiff's Complaint seeks monetary damages, declaratory and injunctive relief, and costs.

Contract Attorneys move for dismissal asserting that Plaintiff's allegations fail to state a viable federal claim.  Specifically, Defendants assert Plaintiff fails to allege facts showing that they are state actors under Section 1983, which only affords relief for civil rights violations committed by persons acting "under color of state law."  *See* 42 U.S.C.S. § 1983 (2013).  Plaintiff has had ample opportunity to respond to Defendants' motions.

## A.  Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) requires the court to decide whether the factual allegations made in the complaint, if true, would entitle the plaintiff to some sort of legal remedy.  To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  In other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Id*.  Additionally, "the complaint must give the court reason to believe that this plaintiff has a

---

[1] For simplicity, the Court will refer to Freestone and Angerhofer as "Defendants" or "Contract Attorneys."

reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

When deciding a motion to dismiss the court must accept all well-plead facts as true and draw reasonable inferences from those facts in favor of the non-moving party. *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. However, legal conclusions, deductions, and opinions couched as facts are not presumed to be true, and the court must disregard conclusory allegations without supporting factual averments. *See, e.g., Erikson v. Pawnee County Bd. of County Comm.*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). When a civil rights complaint contains only "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the court considers those assertions conclusory and does not afford them the presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

## B. Plaintiff's Allegations

Plaintiff's allegations against the Contract Attorneys are extremely scanty. The only claim involving these Defendants is Count Nine, which alleges that Plaintiff met with the Contract Attorneys on April 25, 2008, and requested copies of specific caselaw. Plaintiff stated that these materials were necessary to allow him to prepare another lawsuit he was pursuing and that he would be willing to pay for the copies. The Contract Attorneys allegedly denied

Plaintiff's request stating, "We don't want you building a law library out there."  (Am. Compl. p. 17.)  Plaintiff vaguely alleges that this denial "impede[d] and hindere[d]" him from presenting his claims, and that it also violated Defendants' contract with UDC for provision of legal services to inmates.

### C.  Legal Standard for Court Access Claims

It is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access."  *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir.1980), cert. denied, 450 U.S. 1041, 101 S. Ct. 1759 (1981) (quoting *Bounds v. Smith*, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495 (1977)).  In *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491 (1977), the Supreme Court clarified this obligation by stating, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Id*. at 828 (footnote omitted).  Legal assistance does not necessarily require assistance from a lawyer, however, and may include help from persons such as inmate law clerks, paralegals, law students, volunteer attorneys, or staff attorneys.  *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).

To successfully assert a claim for denial of access to the courts, a prisoner must show (1) the inadequacy of the library or legal assistance furnished, and (2) an "actual injury" resulting from the inadequate facilities or assistance.  *Lewis v. Casey*, 518 U.S. 343, 349, 116 S. Ct. 2174 (1996).  To satisfy the "actual injury" requirement a plaintiff must show "that the denial of legal

4

resources hindered the prisoner's efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996). Finally, the non-frivolous claims involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616.

Generally, a private attorney who provides legal assistance to inmates pursuant to a contract with a state department of corrections is not considered to be a state actor for Section 1983 purposes. *See Smith v. Freestone*, No. 99-4005, 188 F.3d 519, 1999 WL 510524, at *1 (10th Cir. Jul. 20, 1999) (unpub.); *McCarthy v. Armstrong, et al.,* Case No. 3:96cv517 (PCD)(HBF) (D. Conn. May 28, 1998). However, such an attorney could be subject to liability under Section 1983 if he conspires with state actors to violate an inmate's constitutional rights, even if the state actors themselves are immune from Section 1983 liability. *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S. Ct. 183, 186 (1980). To state a conspiracy claim a plaintiff must allege facts showing a meeting of the minds or agreement among the defendants. *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1126 (10th Cir. 1994). While the plaintiff need not present direct evidence showing a conspiracy, he must at least show a sequence of events from which a reasonable jury could infer there was a meeting of the minds. *See Adickes v. Kress & Co.,* 398 U.S. 144, 154, 90 S. Ct. 1598 (1970). Moreover, conclusory allegations that defendants acted "in concert," or "conspired" without specific factual allegations to support such assertions are insufficient to state a claim. *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001).

### D. Insufficiency of Plaintiff's Allegations

Plaintiff's Amended Complaint barely alleges any facts showing denial of access to the courts, much less that the Contract Attorneys conspired with any state actor to deny Plaintiff such

access. Plaintiff's only factual allegation concerning the Contract Attorneys is that they refused to provide him copies of certain caselaw. Plaintiff does not offer any facts to support his conclusory assertion that this refusal caused Plaintiff any injury. In his opposition memorandum Plaintiff asserts for the first time that Defendants' refusal to provide caselaw contributed "in part" to the dismissal of his complaint in *Losee v. Garden*, 2:07-CV-911. However, this assertion is incorrect pro se litigants' claims cannot be dismissed based only on their failure to cite appropriate legal authorities. Moreover, even assuming that Plaintiff's allegations are sufficient to show that he was denied adequate legal assistance and that the denial caused him actual injury, Plaintiff has not alleged specific facts from which a reasonable jury could infer that the Contract Attorneys conspired to violate Plaintiff's constitutional rights. In fact, Plaintiff has not alleged <u>any</u> facts that would indicate such a conspiracy.

Plaintiff's conclusory statement that Defendants are "effectively state actors since their contract with [UDC] is exclusive" is also unavailing. (Doc. No. 39, at 4.) The cases cited by Plaintiff to support this assertion are not on point and have no bearing on Defendants' potential liability under Section 1983. Instead, the bulk of authority cited by Plaintiff deals with legal access claims in general, not the liability of non-state actors such as Defendants.

Because Plaintiff has not shown that he can amend his pleadings to allege specific facts showing that Defendants conspired to deny him access to the Courts, Defendants' motions to dismiss are granted.

## II. Plaintiff's Motions for Discovery

On July 2, 2012, Plaintiff filed a First Request for Production of Documents, seeking "all

documents related to Mr. Losee," excluding medical records (Doc. No. 25), and a motion seeking to take the depositions, by written questions, of Defendants Gallegos and Rigby (Doc. Nos. 26 & 28). On September 13, 2012, Plaintiff filed a motion to compel (Doc. No. 69) in relation to his previous discovery motions. Defendants objected to these motions on the grounds that discovery was premature and that complying with Plaintiff's discovery requests would be redundant and unduly burdensome in light of the Court's requirement that they file a *Martinez* Report and summary judgment motion.

On November 14, 2012, Defendants filed their *Martinez* Report (Doc. No. 85) and a Motion for Partial Summary Judgment (Doc. No. 86). Defendants filed an additional Motion for Partial Summary Judgment on January 11, 2013. (Doc. No. 101.) Plaintiff has filed multiple responses to these documents (Doc. Nos. 94-96, 112, 115). In several of his responses Plaintiff asserts that he cannot respond adequately to summary judgment without additional discovery, however, Plaintiff does not clearly identify specific items of discovery that have not yet been provided, but are necessary for him to respond to summary judgment. Plaintiff has also filed motions to strike the *Martinez* Report (Doc. No. 98) and to strike Defendants' declarations (Doc. No. 116). These motions to strike are entirely without merit and are denied.

Based on Defendants' *Martinez* Report and the numerous documents included with Defendants' summary judgment motions, Plaintiff's motions for discovery are denied as moot.

### III. Further Proceedings

If Plaintiff can identify additional specific items of discovery which are necessary for him to properly respond to Defendants' summary judgment motions he may file a detailed discovery

motion within twenty-one (21) days of this Order.  Plaintiff's motion shall specifically identify each item of discovery sought and shall clearly explain how it is relevant to the issues presented on summary judgment.  Failure to make such a showing as to each item will result in denial of discovery of that item.

Within fourteen (14) days after Plaintiff's discovery motion, if any, is filed, Defendants may object to any discovery request that is not specifically tailored to meet Defendants' summary judgment motion or otherwise fails to comply with the Federal Rules of Civil Procedure. Plaintiff is warned that abuse of discovery may result in the Court issuing a summary judgment decision on the present record.

If a timely discovery motion is not filed, Plaintiff may file any additional response he may have to Defendants' summary judgment motions within twenty-eight (28) days of this order. Plaintiff is hereby notified that in responding to a summary judgment motion he cannot rest upon the mere allegations in his pleadings.  Instead, as required under Federal Rule of Civil Procedure 56(e), Plaintiff must come forth with specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendant Angerhofer's Motion to Dismiss (Doc. No. 33) is **GRANTED**;

(2) Defendant Freestone's Motion to Dismiss (Doc. No. 35) is **GRANTED**;

(3) Plaintiff's motions for discovery (Doc. Nos. 26, 28 & 29) are **DENIED**;

(4) Plaintiff's motions to strike (Doc. Nos. 98 & 116) are **DENIED**;

(5) Plaintiff may file a detailed motion for discovery in accordance with this Order within twenty-one (21) days, and Defendants may object to any such discovery motion within fourteen (14) days of filing; and,

(6) if a timely motion for discovery is not filed Plaintiff shall have twenty-eight (28) days to respond to Defendants' summary judgment motions, and Defendants may file a reply thereto within fourteen (14) days.

Dated this 25th day of March, 2013

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge